19-2614-cv
*360Heros, Inc. v. Mainstreet America Assurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty.

PRESENT: DENNY CHIN,
SUSAN L. CARNEY,
STEVEN J. MENASHI
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

360HEROS, INC.,

    *Plaintiff-Appellant,*

   -v-            19-2614-cv

MAINSTREET AMERICA ASSURANCE CO.,

    *Defendant-Appellee*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:     DAVID A. GAUNTLETT (James A. Lowe, *on the brief*), Gauntlett & Associates, Irvine, California.

FOR DEFENDANT-APPELLEE:     MATTHEW C. RONAN, Kenney Shelton Liptak Nowak LLP, Buffalo, New York.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART,** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant 360Heros, Inc. ("360Heros") appeals from a judgment, entered August 7, 2019, denying its motion to strike and granting summary judgment to defendant-appellee Mainstreet America Assurance Company ("MSA") dismissing 360Heros's complaint. On appeal, 360Heros argues that the district court erred in (1) denying its motion to strike MSA's evidence of unsuccessful settlement negotiations, and (2) holding that it lacked subject matter jurisdiction for lack of standing and mootness. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

360Heros, a company that produces camera rigs, was a named insured on a general commercial liability insurance policy issued by MSA (the "Policy"). 360Heroes

2

was subsequently sued by GoPro, Inc. (the "GoPro action"), and MSA agreed to provide 360Heros with a defense in the GoPro action subject to an express partial disclaimer and reservation of rights. MSA and 360Heros agreed that Gauntlett & Associates ("G&A") would represent 360Heros in the GoPro action. Without objection from MSA, G&A was to simultaneously serve as 360Heros's "coverage counsel," J. App'x at 237, with the understanding that MSA was to be invoiced solely for fees and costs stemming from G&A's defense of the GoPro action (as opposed to fees and costs related to coverage disputes).

MSA paid the first seven invoices it received from G&A between September 1, 2016 to March 1, 2017, but a dispute arose after it received G&A's invoices dated April 1, 2017 and May 1, 2017. On May 8, 2017, MSA informed G&A that it was reviewing the April and May invoices for reasonableness, believing them to be unreasonably high, and that it was disputing whether 360Heros's counterclaim in the GoPro action was covered under the Policy.[1]

On May 18, 2017, ten days after MSA sent its letter to G&A, 360Heros commenced this action against MSA in the court below. The amended complaint, filed on June 12, 2017, sought a declaration that MSA was obligated to provide a complete defense to 360Heros in the GoPro action and asserted claims for (1) breach of contract; (2) account stated; and (3) breach of the covenant of good faith and fair dealing.

---

[1] MSA agreed to cover the counterclaim on May 19, 2017.

360Heros and MSA appeared before a magistrate judge for a settlement conference on August 21, 2017. Although the parties resolved several of their disputes regarding the outstanding invoices, they were unable to agree on a material term of settlement and no agreement was executed. MSA subsequently hired an independent attorney to review G&A's invoices for reasonableness and the attorney recommended deductions to G&A's outstanding invoices, along with a credit of $136,363 to account for overpayments made by MSA on invoices already remitted. In the months that followed, MSA continued to pay G&A's invoices from December 2017 through May 1, 2018, but it deducted money from the invoices where recommended by its independent counsel.

Meanwhile, the GoPro action settled in May of 2018 with 360Heros agreeing to pay GoPro $575,000. MSA indemnified 360Heros for this loss and paid the settlement amount on 360Heros's behalf. Following the settlement, however, MSA stopped paying G&A's invoices, claiming it was now applying its asserted credit of $136,363 as an offset to any outstanding balance owed to G&A. As a result, G&A's invoices dated June 1, 2018, through December 1, 2018 were never paid.

On January 15, 2019, MSA moved for summary judgment, arguing that because it had provided a complete defense to 360Heros in the GoPro action, which had now been dismissed with prejudice at no cost to 360Heros, 360Heroes no longer had a stake in the litigation and the case was moot. 360Heros opposed MSA's motion,

4

contending that a live controversy still existed, and also moved to strike evidence of the August 21, 2017 settlement conference from the record.

In a Decision and Order issued August 7, 2019, the district court granted summary judgment in favor of MSA. The district court held that 360Heros's claims in this action were mooted by the dismissal of the GoPro action, and that 360Heros did not have standing to seek the unpaid fees because that claim arose from a separate fee agreement between G&A and MSA. The court also denied 360Heros's motion to strike, holding that the evidence was admissible because it was not being offered for a purpose prohibited under Federal Rule of Evidence 408(a).

This appeal followed.

## *DISCUSSION*

### I. *Motion to Strike*

360Heros first contends that the district court abused its discretion in denying its motion to strike evidence of its unsuccessful settlement negotiations with MSA. *See United States v. Garcia*, 413 F.3d 201, 210 (2d Cir. 2005) ("We review a district court's decision to admit evidence for abuse of discretion."). Although Rule 408(a) of the Federal Rules of Evidence prohibits parties from offering evidence of settlement negotiations to prove or disprove the validity or amount of a claim, such evidence is admissible if offered for some other reason. *See* Fed. R. Evid. 408(b); *see also Starter Corp.*

5

*v. Converse, Inc.*, 170 F.3d 286, 293 (2d Cir. 1999).[2] Here, the evidence of settlement negotiations was not being offered by MSA to prove the validity of its fee claims, but instead to support its position that 360Heros no longer had a stake in the litigation. Accordingly, the district court did not abuse its discretion in admitting the evidence.

## II.    *Motion for Summary Judgment*

360Heros also contends that the district court erred in dismissing the action for lack of standing and mootness because a live controversy between 360Heros and MSA remains regarding MSA's obligation to pay its defense costs. We agree.

Article III of the Constitution limits the jurisdiction of the federal courts to "live cases and controversies." *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005). "One element of the case-or-controversy requirement is that [a] plaintiff[] must establish . . . standing to sue," demonstrated by showing "(1) that it has suffered an injury in fact, which is (2) fairly traceable to the challenged action of the defendant, and (3) likely to be redressed by a favorable decision." *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 38-39 (2d Cir. 2015) (internal quotation marks omitted). Another element is mootness, which "ensures that the litigant's interest in the outcome continues throughout the life of the lawsuit." *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994).

---

[2]    Although Rule 408 was amended twice since we decided *Starter Corp.*, once in 2006 and again in 2011, neither amendment altered Rule 408 in ways pertinent to this appeal. *See PRL USA Holdings, Inc. v. U.S. Polo Ass'n, Inc.*, 520 F.3d 109, 113 (2d Cir. 2008) (discussing the explicit exception contained in the 2005 version of Rule 408 for instances "when the evidence is offered for another purpose").

"[U]nder the general rule of mootness, courts' subject matter jurisdiction ceases when an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (internal quotation marks omitted). The party asserting mootness "bears a heavy burden," *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005), and we review the dismissal of an action on standing or mootness grounds *de novo*, *Comer*, 37 F.3d at 787.

Under New York law, where an insured is represented by counsel of its own choosing, the insurance company's duty to defend extends to the payment of reasonable fees and costs. *See Pub. Serv. Mut. Ins. Co. v. Goldfarb*, 53 N.Y.2d 392, 401 (1981) ("[The defendant] is entitled to defense by an attorney of his own choosing, whose reasonable fee is to be paid by the insurer.").[3] Here, although the litigation that triggered MSA's duty to defend had been resolved, 360Heros and MSA have yet to reach agreement on what constituted reasonable fees and defense costs. Thus, a live controversy continues to exist over whether MSA had fulfilled its obligations under the Policy. *See Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan*, 77 F.3d 48, 51 (2d Cir. 1996) ("The existence of a justiciable controversy does not depend on the pendency of a live claim against the insured.").

---

[3]     The parties agree that New York law governs interpretation of the Policy.

7

The district court based its contrary holding on two erroneous conclusions. First, the district court held that because MSA had accepted its duty to defend 360Heros in the GoPro action, which had now been dismissed with prejudice at no "out of pocket" cost to 360Heros, MSA had fulfilled its duty to defend under the Policy. S. App'x at 12. This was error because MSA's duty to defend under the Policy extends to the payment of 360Heros's reasonable fees and defense costs, and MSA's fulfillment of that obligation remains in dispute. Moreover, although 360Heros has yet to pay "out of pocket" for its defense in the GoPro action, a declaration of 360Heros's Chief Executive Officer Michael J. Kintner indicates that 360Heros -- the party that actually retained G&A -- will be liable for any of G&A's fees and expenses not paid by MSA. MSA disputes this assertion, though it provided no evidence to the contrary. The district court did not address in its decision whether 360Heros will be liable for unpaid fees and expenses. Considering the high bar for establishing mootness, *see Knox v. Serv. Employees Int'l Union*, 567 U.S. 298, 307 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (internal quotation marks omitted)), the district court should have resolved this dispute before granting summary judgment. If 360Heros is liable for unpaid fees and expenses, it maintains a concrete interest in this action and could receive effectual relief from a court. *See id.* at 307-08 ("[A]s long as the parties have a concrete interest, however small,

8

in the outcome of the litigation, the case is not moot." (quoting *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984)) (alteration in original)).

Second, the district court determined that the remaining dispute over G&A's invoices was a controversy between G&A and MSA in which 360Heros had no stake. It is true that there is a separate rate agreement between G&A and MSA. *See* Oral Argument at 0:55-1:15 (counsel for 360Heros acknowledging this rate agreement and calling it a "mechanism to assure prompt payment of defense fees"). But the record also indicates that MSA's duty to pay G&A arose from its duty to defend 360Heros under the Policy. MSA candidly admitted as much at oral argument. *See* Oral Argument at 16:50-17:00 (counsel for MSA stating that "MSA owes an obligation . . . to pay reasonable attorney's fees to defend its insured under the Policy). The rate agreement between G&A and MSA did not eliminate this contractual relationship. We cannot conclude on the existing record that 360Heros lacked an interest in enforcing its contractual rights, even if any monies paid would not go directly to 360Heros.

Accordingly, because a live controversy exists between MSA and 360Heros over fulfillment of the Policy, and because 360Heros alleges a continuing stake in the outcome of the controversy with respect to unpaid fees and expenses, the district court erred in dismissing the action for lack of subject matter jurisdiction.

\*   \*   \*

For the foregoing reasons, the judgment of the district court is

**AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for

proceedings consistent with this order.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk